IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES ANTHONY HILL, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 3:13-cv-00099 |
| ERIC QUALLS, Warden, | ) ) | Judge Campbell |
| Respondent. | ) ) | |

## MEMORANDUM OPINION

Before the Court is the petition for a writ of habeas corpus, filed under 28 U.S.C. §§ 2241 and 2254, by petitioner James Anthony Hill, a state prisoner incarcerated at the Charles Bass Correctional Complex in Nashville, Tennessee. (ECF No. 1.) The petitioner challenges the Tennessee Department of Corrections' and the Tennessee Board of Probation and Paroles' calculation of his sentence.

In response to the Court's order entered February 12, 2013 directing a response to the petition, the respondent, Eric Qualls, has filed a motion to dismiss Hill's petition (ECF No. 9) on the grounds that (1) the petitioner's claims have not been fully and fairly presented to the state courts in satisfaction of § 2254's exhaustion requirement and are now procedurally barred from presentation to the state courts and (2) the petition is time-barred. The Court finds that the respondent is correct on both counts and that the petition is subject to dismissal on those grounds.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Hill was convicted in April 2008 by a jury in Marshall County, Tennessee for forgery and theft of property valued between $500 and $1,000. The two counts were merged, and Hill was sentenced to serve 6 years' incarceration (at 60%) on both charges. (*See* ECF No. 1, at 8–9.) At the time he was convicted, Hill was on parole from a 13-year sentence imposed in 2003. Parole was revoked as a result of the new charges, and the 6-year sentence was ordered to be served consecutively to the 13-year sentence.[1] *See State v. Hill*, No. M2008-1612-CCA-R3-CD, 2009 WL 1038087 (Tenn. Ct. Crim. App. April 20, 2009). At a hearing conducted on May 5, 2009, the Tennessee Board of Probation and Parole ("Parole Board") determined that

---

[1] The 2003 conviction was for possessing contraband in a penal facility, where Hill was already serving a sentence for a 1991 burglary conviction.

Hill's 13-year sentence would expire and he would begin serving his 6-year sentence for theft and forgery on July 5, 2011.

The documentation attached to Hill's petition shows that Hill filed a petition for the writ of certiorari in the Chancery Court for Davidson County, challenging the revocation of parole on the 13-year sentence. His petition was denied on procedural grounds, and that decision was affirmed by the Tennessee Court of Appeals. *Hill v. Tenn. Bd. of Probation & Parole*, No. M2008-00561-COA-R3-CV (Tenn. Ct. App. May 14, 2009).

At least two years later, at some point during the summer of 2011, Hill filed a Petition for Declaratory Order in the Tennessee Department of Correction to challenge the Parole Board's determination of the date his 13-year sentence would expire and he would begin serving his 6-year sentence. This petition was denied via letter dated September 8, 2011 from the Tennessee Department of Correction, Office of General Counsel. Hill filed a second Petition for Declaratory Order, raising the same issue, apparently in February 2012. The petition was denied in a letter from the Tennessee Department of Correction, Office of the General Counsel, dated March 28, 2012. Hill apparently did not appeal either of those decisions, and never filed a petition for the writ of certiorari to challenge the Parole Board's decision as to when the 13-year sentence would expire and he would begin serving the 6-year sentence.

In January 2013, Hill filed the present petition, asserting that his rights were violated by the Board's determination that he would not begin serving his most recently imposed sentence until July 5, 2011. He asserts that, with the proper application of good-time credits, his 6-year sentence should have already expired. Hill seeks immediately release from prison. In response, the respondent filed his motion to dismiss.

**II.      DISCUSSION**

The petitioner here challenges, not the imposition of his 6-year sentence or the prior 13-year sentence, but the execution of those sentences, and he purports to bring this petition under both 28 U.S.C. § 2241 and § 2254. He claims Parole Board's decision violated his "civil liberties" and resulted from a criminal conspiracy. Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State

court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It is a well established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general. *Am. Civil Liberties Union v. Nat'l Sec. Agency*, 493 F.3d 644, 716 (6th Cir. 2007) (citing *Busic v. United States*, 446 U.S. 398, 406 (1980)). The Sixth Circuit has noted that "numerous federal decisions on this issue support the view that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254 and subject to [the Antiterrorism and Effective Death Penalty Act's] restrictions" imposed for obtaining habeas relief from a state conviction. *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) (emphasis in the original); *see also Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) ("[Section] 2254 allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences. And indeed, there exists some question whether state prisoners may *ever* proceed under § 2241." (emphasis in the original)). "A number of courts have held that because § 2254 is the more specific statute regarding habeas applications, which challenges state-court judgments, the provisions of that section take precedence over [section] 2241." *Davis v. Woods*, No. 09-CV-11254, 2009 WL 1406384, at *1 (E.D. Mich. May 19, 2009) (citations omitted).

In *Greene v. Tennessee Department of Correction*, 265 F.3d 369 (6th Cir. 2001), the Sixth Circuit further stated:

> [W]hen a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements . . . apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state[-]court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.).

*Greene*, 265 F.3d at 371 (quoting *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000)). Against this backdrop, the Court finds that Hill's petition must be construed under 28 U.S.C. § 2254. Because the petition falls within the purview of § 2254, it is subject to AEDPA's one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1), and to state-court exhaustion requirements set forth in § 2254(b)(1)(A).

### A. Statute of Limitations

Section 2244 states in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In this case, the only possible provision that applies here is § 2244(d)(1)(D), and the factual predicate of the petitioner's claim is the Parole Board's May 5, 2009 decision setting the start date for Hill's 6-year sentence. *See Ali v. Tenn. Bd. of Pardon & Paroles*, 431 F.3d 896, 898 (6th Cir. 2005) ("In the context of a challenge to a parole denial, the one-year period of § 2244(d)(1) appears to start when, under § 2244(d)(1)(D), [the petitioner] could have discovered the "factual predicate of the claim . . . through the exercise of due diligence."). *Cf. Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2003) (holding that § 2244(d)(1)(D) applies to "habeas petitions that challenge administrative bodies such as parole and disciplinary boards"). There is no question that Hill discovered or could have discovered that factual predicate the day the decision was rendered, meaning the one-year statute of limitations began to run on May 5, 2009. The time limit for filing a habeas petition based on that decision expired May 5, 2010 unless it was tolled for some period of time.

In that regard, Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Hill, however, did not seek collateral review of the Parole Board's decision until some time in 2011, well after the expiration of the statute of limitations. The filing of his petitions for declaratory order filed in the Tennessee Department of Correction therefore did not have the effect of tolling the statute of limitations.

The one-year statute of limitations in AEDPA is not jurisdictional and is also subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001). The

doctrine of equitable tolling is used sparingly and is typically applied "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000)). The petitioner bears the burden of showing that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). *See also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (assuming without deciding that equitable tolling is available under § 2244(d), and holding that such tolling is warranted only where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). The petitioner here has not presented any basis for concluding that equitable tolling applies.

Accordingly, the Court finds that Hill's present petition, seeking to challenge the Parole Board's May 2009 determination, is barred by the statute of limitations established by 28 U.S.C. § 2244(d)(1)(D) and may not be considered on the merits by this Court.

### B. Exhaustion

Even if that were not the case, the Court is precluded from reviewing the petition on the merits by Hill's failure properly to exhaust his state-court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). Hill has not shown either that there is an absence of a state-court remedy, or that other circumstances "render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(i) and (ii).

In fact, the prescribed course of action for challenging a decision by the Parole Board in Tennessee is to file a common law writ of certiorari by using the procedures set out in Tenn. Code Ann. § 27-9-101, *et seq. See Baldwin v. Tenn. Bd. of Paroles*, 125 S.W.3d 429, 433 (Tenn. Ct. App. 2003). Such a petition must be filed within 60 days from the entry of the order or judgment for which review is sought, or, if a timely administrative appeal is pursued, within 60 days of entry of the final decision from the administrative appeal. Tenn. Code Ann. § 27-9-102; *Wheeler v. City of Memphis*, 685 S.W.2d 4, 6 (Tenn. Ct. App. 1984).

In the present case, the Parole Board decision the petitioner challenges was issued on May 5, 2009. Although Hill was aware of the established procedure for appealing that decision, as evidenced by his filing

a writ of certiorari in the Chancery Court for Davidson County Tennessee well before that date to challenge the revocation of parole on his earlier conviction, he did not challenge the Parole Board's determination as to when his sentence for theft and forgery should begin until some time in 2011.

Instead, Hill took a step toward exhaustion by filing two different petitions for declaratory order with the Tennessee Department of Correction. (ECF No. 1, at 13.) Both petitions were untimely, however, and Hill never petitioned for certiorari to challenge their denial in the Davidson County Chancery Court, nor did he pursue the matter through the Tennessee Court of Appeals.

Hill appears to believe both that he exhausted his administrative remedies and that he filed the instant petition within the 1-year statute of limitations, because of the fact that the Tennessee Department of Correction did not issue an order denying his second petition for declaratory order until March 28, 2012. That second petition, as set forth above, was untimely to begin with. Moreover, Hill did not pursue the appropriate appeals of the Department of Correction's decision(s). Hill clearly failed to exhaust his administrative remedies. Moreover, he has apparently lost the ability under state law to pursue his administrative remedies at this point, because the time for filing a for a writ of certiorari in the Davidson County Chancery Court expired years ago.

## III.    CONCLUSION

In sum, Hill failed to pursue appropriate relief in the state courts and is procedurally barred from doing so now. Because he failed to exhaust his state-court remedies and because the present petition is time-barred, the petition will be dismissed without consideration of its merits. An appropriate order is filed herewith.

Todd Campbell
United States District Judge