IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES ANTHONY HILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:13-cv-00099 |
| | ) |
| ERIC QUALLS, Warden, | ) Judge Campbell |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner James Anthony Hill, a state prisoner incarcerated at the Charles Bass Correctional Complex in Nashville, Tennessee has filed petition for a writ of habeas corpus (ECF No. 1) under 28 U.S.C. §§ 2241 and 2254, challenging the Tennessee Department of Corrections' and the Tennessee Board of Probation and Paroles' calculation of his sentence. Now before the Court is respondent Eric Qualls's motion to dismiss the petition (ECF No. 9) on the grounds that (1) the petitioner's claims have not been fully and fairly presented to the state courts in satisfaction of § 2254's exhaustion requirement and are now procedurally barred from presentation to the state courts and (2) the petition is time-barred by the applicable statute of limitations.

As explained in the accompanying Memorandum Opinion, the Court agrees both that the petition is barred by the applicable statute of limitations, 28 U.S.C. § 2244(d)(1), and by the petitioner's failure to exhaust state-court remedies as required by 28 U.S.C. § (b)(1)(A). The respondent's motion (ECF No. 9) is therefore **GRANTED**, and the habeas corpus petition (ECF No. 1) is **DISMISSED**.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. The petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the petitioner demonstrates that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed

further."'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  "[A] COA does not require a showing that the appeal will succeed," *Miller-El*, 537 U.S. at 337, but courts should not issue a COA as a matter of course.  *Id.*

The petition presented here is barred by the statute of limitations and based on the petitioner's having defaulted on his obligation to pursue state-court remedies.  The petition therefore fails to state any viable basis for federal habeas relief.  Because an appeal by the petitioner would not warrant attention on the merits, the Court **DENIES** COA.

It is so **ORDERED**.

Todd Campbell
United States District Judge